**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4072**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL BLANKENSHIP,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:17-cr-00200-1)

Submitted: September 25, 2019                           Decided: October 1, 2019

Before WILKINSON, MOTZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Acting Federal Public Defender, Jonathan D. Byrne, Lorena E. Litten, Assistant Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Erik S. Goes, Assistant United States Attorney, Perry D. McDaniel, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Michael Blankenship of two counts of violating the Clean Water Act for knowingly discharging untreated sewage and portable toilet waste into Little Huff Creek near Hanover, West Virginia, in violation of 33 U.S.C. §§ 1311(a), 1319(c)(2)(A) (2012). The district court sentenced him to 15 months in prison and ordered him to pay a $10,000 fine. Blankenship timely appealed and challenges four of the district court's rulings. We affirm.

First, Blankenship argues that the district court erred in its determination that his counsel had attacked Government witness Denver Lester's reputation for truthfulness and opened the door for a character witness to bolster Lester's character. We review evidentiary rulings for abuse of discretion. *United States v. Caro*, 597 F.3d 608, 633 (4th Cir. 2010). Evidentiary rulings are also subject to harmless error analysis. *United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010). An error is harmless when we can "say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Id.* (internal quotation marks omitted).

> A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

Fed. R. Evid. 608(a). "Opinion or reputation that the witness is untruthful specifically qualifies as an attack under the rule, and evidence of misconduct . . . and of corruption also

fall within this category. Evidence of bias or interest does not." Fed. R. Evid. 608(a) advisory committee's notes to 1972 proposed rules.

> No firm line can be drawn regarding whether cross-examination of a witness amounts to an attack on the witness's character for truthfulness. But a useful test employed by the courts is whether the questioning attacks the veracity of the witness's account of the facts in the specific case before the court or attacks the witness's veracity in general.

*United States v. Martinez*, 923 F.3d 806, 816 (10th Cir. 2019); *see also United States v. Dring*, 930 F.2d 687, 691 (9th Cir. 1991) ("Rule [608(a)] prohibits rehabilitation by character evidence of truthfulness after direct attacks on a witness's veracity in the instant case. However, the Rule permits rehabilitation after indirect attacks on a witness's general character for truthfulness.").

We conclude that the district court erred in finding that Blankenship's counsel attacked Lester's general character for truthfulness. Blankenship's cross-examination was limited to the specifics of the case and established Lester's bias. This error, however, is harmless. The error permitted the Government to call a character witness to bolster Lester's character for truthfulness, but this testimony lasted approximately five minutes and occupies just four pages of transcript. In these circumstances, we can "say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Johnson*, 617 F.3d at 292 (internal quotation marks omitted).

Second, Blankenship contends that the district court abused its discretion in excluding a chart demonstrating that there were other sources of fecal coliform pollution in Little Huff Creek other than Blankenship's alleged acts of dumping. Blankenship argues

3

that the chart could explain the source of the foul odors described by the witnesses as emanating from the creek. The district court found that the chart was not relevant and that, even if it was, its admission could confuse the jury.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible, Fed. R. Evid. 402, but the district court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "The threshold for determining whether evidence is relevant is comparatively low, and we rarely reverse such decisions because they are fundamentally a matter of trial management." *United States v. Recio*, 884 F.3d 230, 235 (4th Cir. 2018) (internal quotation marks omitted). We review a decision to exclude relevant evidence for the reasons listed in Rule 403 for abuse of discretion. *Huskey v. Ethicon, Inc.*, 848 F.3d 151, 159-60 (4th Cir. 2017). "Improper exclusion of evidence warrants a new trial only if it results in a high probability that the error affected the judgment." *Id.* at 160 (alterations and internal quotation marks omitted).

The chart lists fecal coliform bacteria testing results at different times from 2000 to 2016 at various places along Little Huff Creek. No testing date or location matches one of Blankenship's alleged acts of dumping. Accordingly, the chart is not probative of the odors the witnesses detected. Furthermore, the chart is not relevant. The quality of the stream has no bearing on whether Blankenship dumped sewage into it and the district court

4

properly found that admission of the chart may confuse the jury. The district court did not abuse its discretion in refusing to admit the chart.

Third, Blankenship asserts that the district court abused its discretion in permitting witnesses to testify to undated instances of dumping. The district court admitted the evidence as intrinsic of the charged dates. Alternatively, the district court determined that the evidence was admissible, pursuant to Fed. R. Evid. 404(b), as probative of Blankenship's knowledge and intent.

Evidence that "serve[s] to complete the story of the crime on trial do[es] not qualify as evidence of other crimes subject to scrutiny under Rule 404(b)." *United States v. McBride*, 676 F.3d 385, 396 (4th Cir. 2012) (internal quotation marks omitted). "Evidence is intrinsic if it is necessary to provide context relevant to the criminal charges." *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (internal quotation marks omitted).

Alternatively, evidence of undated acts of dumping may be admissible pursuant to Rule 404(b). "To be admissible under Rule 404(b), the evidence must be (1) relevant to an issue other than the general character of the defendant, (2) necessary to prove an essential claim or element of the charged offense, and (3) reliable." *United States v. Sterling*, 860 F.3d 233, 246 (4th Cir. 2017). Furthermore, the evidence must satisfy Rule 403—that is, "the evidence's probative value [must] not be substantially outweighed by its unfair prejudice to the defendant." *Id.* at 247.

Assuming without deciding that the evidence was not intrinsic to the charged crimes, we conclude that the district court did not abuse its discretion in admitting the evidence pursuant to Rule 404(b). To prove the charged offenses, the Government was

required to establish that Blankenship dumped sewage knowingly. Accordingly, evidence that Blankenship had dumped sewage on other occasions was probative of his knowledge and intent to dump sewage and that it was not an accident. Furthermore, the district court did not abuse its discretion in determining that the evidence was reliable and not unduly prejudicial.

Finally, Blankenship contends that the district court abused its discretion in refusing to give a jury instruction on the lesser-included offense of negligent dumping as to one count. He argues that the evidence supported the instruction because the element of his knowledge of the dumping was in dispute. We review a decision not to give a jury instruction for abuse of discretion. *United States v. Hill*, 927 F.3d 188, 209 (4th Cir. 2019).

> A refusal to grant a requested instruction is only reversible error if the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.

*Id.* (internal quotation marks omitted). "Even if these factors are met, however, failure to give the defendant's requested instruction is not reversible error unless the defendant can show that the record as a whole demonstrates prejudice." *United States v. Hager*, 721 F.3d 167, 184 (4th Cir. 2013).

Negligent dumping is a lesser-included offense of knowingly dumping. 33 U.S.C. § 1319(c)(1)(A) (West 2016 & Supp. 2019). Blankenship's argument, however, has no merit. West Virginia Department of Environmental Protection inspectors testified that Blankenship's truck was discharging sewage into the creek on the day in question, and neighbors' testimony established that Blankenship had a pattern of dumping sewage into

6

the creek. Furthermore, Blankenship twice admitted to investigators that he dumped sewage into the creek on the date charged. Blankenship's argument that he admitted to dumping sewage but not doing so knowingly makes little logical sense, and we conclude that the district court did not abuse its discretion in refusing to give the negligent dumping instruction.

Accordingly, we affirm Blankenship's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*